# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VIRGINIA MOODY,<br><br>**Plaintiff,**<br><br>v.<br><br>SALT LAKE COUNTY, CAPTAIN RICHARD CHURCH, and JOHN AND JANE DOES 1-5,<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**<br><br>**Case No. 2:16-cv-1243**<br><br>**Judge Clark Waddoups** |

Plaintiff Virginia Moody, proceeding *pro se*, brings this civil rights action alleging that Defendants violated Title VII by retaliating against her for filing a sexual harassment complaint. (ECF No. 2.) This action was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (ECF No. 18.) The matter is now before the court on a Report and Recommendation from Magistrate Judge Furse (ECF No. 59) in which she recommends that Defendants' Motion for Summary Judgment (ECF No. 55) be granted.[1] The Report and Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

---

[1] Plaintiff failed to timely respond to Defendants' Motion for Summary Judgment. Defendants' motion was filed on January 15, 2019, and on February 6, 2019, Plaintiff filed a Motion for Extension of Time to Respond (ECF No. 57), which Magistrate Judge Furse granted on February 7, 2019 (ECF No. 58), thereby giving Plaintiff until February 15, 2019 to oppose Defendants' motion. Plaintiff did not respond to Defendants' motion until July 23, 2019 (ECF No. 61), after Magistrate Judge Furse had issued the Report and Recommendation, and nearly six months after Plaintiff's extended deadline to respond had expired. While the court understands the reasons Plaintiff gives for her late filing (as set forth in her Request to Deny Magistrate Judge's Report & Recommendation to Grant Defendants' Motion for Summary Judgment) and the difficulty that a party often faces when proceeding *pro se*, a party's "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure . . . ." *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994).) Because Plaintiff's Opposition to Defendants' Motion for Summary Judgment (ECF No. 61) is untimely, it will not be considered by the court.

On January 23, 2019, Plaintiff filed her Request to Deny Magistrate Judge's Report & Recommendation to Grant Defendants' Motion for Summary Judgment (ECF No. 62), in which she explains the reasons why she failed to timely respond to Defendants' Motion for Summary Judgment, incorporates the arguments made in her untimely Opposition to Defendants' Motion for Summary Judgment (which, as is discussed above, will not be considered by the court), and asks the court to deny Magistrate Judge's Report & Recommendation. Because Plaintiff's filing does not contain "specific written objections," the Report & Recommendation has not been "properly objected to" under Rule 72(b) of the Federal Rules of Civil Procedure. As such, the court is not required to review the Report & Recommendation de novo. *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). Nonetheless, and in consideration of Plaintiff's *pro se* status, the court finds it appropriate to review Magistrate Judge Furse's Report and Recommendation de novo. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (recognizing that a *pro se* party's pleadings should be liberally construed). After careful review of the record, and applying a de novo standard of review, for the reasons stated herein, the court **AFFIRMS** and **ADOPTS** Magistrate Judge Furse's recommendation that Defendants' Motion for Summary Judgment be granted.

### A. Plaintiff has failed to exhaust her administrative remedies regarding her claims for constructive discharge and failure to rehire.

Plaintiff brings a Title VII claim, alleging that after she filed a sexual harassment complaint against Defendant Richard Church, she was retaliated against in three different ways: first, "Church retaliated by filing an [Internal Affairs] Complaint" (Compl, ECF No. 2 at ¶40); second, she was constructively discharged (*id.* at ¶ 34); and third, she suffered a failure to hire, as she was "designated as unhireable" (*id.* at ¶ 48). "A plaintiff must exhaust her administrative

remedies before bringing suit under Title VII." *Jones v. Denver Post Corp.*, 203 F.3d 748, 755 (10th Cir. 2000). Because Plaintiff alleges that she suffered retaliation through three "discrete employment actions," she is required to exhaust her administrative remedies as to each of the three alleged retaliatory acts. *See Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (finding that "each discrete incident of such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted" and that "unexhausted claims involving discrete employment actions are no longer viable" (quoting *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110–13 (2002)).

In her "Charge of Discrimination" filed with the Utah Anti-Discrimination and Labor Division and the United States Equal Employment Opportunity Commission, Plaintiff complains that "[o]n January 3, 2014 I complained of the sexual harassment to the EEO of HR" and that she "was retaliated against by having IA placed against me." (See ECF No. 55-15 at 2.) Because Plaintiff neither included, nor subsequently complained, that she was constructively discharged or designated as unhireable, she has not exhausted her administrative remedies on those claims and is now barred from raising them here. As such, Magistrate Judge Furse's recommendation to dismiss Plaintiff's claims for retaliatory constructively discharge and retaliatory failure to hire is **HEREBY AFFIRMED** and **ADOPTED**. Because Plaintiff exhausted her administrative remedies as to her claim that an Internal Affairs Complaint (the "IA Complaint") was initiated against her in retaliation for her filing a sexual harassment complaint, that claim may proceed.

### B. As a matter of law, Plaintiff cannot establish her claim for retaliation concerning the IA Complaint.

In order to prevail on a claim for retaliation, Plaintiff must show "'(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the

protected activity and the materially adverse action.'" *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1212 (10th Cir. 2008) (quoting *Argo v. Blue Cross & Blue Shield of Kan., Inc.,* 452 F.3d 1193, 1202 (10th Cir. 2006)). To survive Defendants' motion for summary judgment, Plaintiff must "make a showing sufficient to establish" each of these three elements. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiff has made such a showing as to the first element, as Defendants concede that Plaintiff's complaint of sexual harassment constitutes protected conduct. (*See* ECF No. 55 at 19.) Plaintiff cannot, however, establish the second or third elements.

In order for an employer's action to be "materially adverse," it must occur "subsequent to the protected activity." *See Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1205 (10th Cir. 2000). Here, Plaintiff complained of Richard Church's sexual harassment between January 3, 2014 and January 10, 2014,[2] but the IA Complaint was initiated against Plaintiff's husband on November 23, 2013, and expanded to include Plaintiff by December 16, 2013. (*See* ECF No. 55-19 at ¶¶ 6–12.) Because the IA Complaint against Plaintiff was initiated weeks before she complained of sexual harassment, it cannot constitute a materially adverse action. As a matter of law, Plaintiff cannot establish the second element of her claim for Title VII retaliation.

In addition to the timing of the two events being incongruent, there is no "casual connection" between Plaintiff's sexual harassment complaint and the initiation of the IA Complaint against her. In order to establish such a connection, Plaintiff "must present 'evidence of circumstances that justify an inference of retaliatory motive.'" *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014) (quoting *Williams v. W.D. Sports, N.M., Inc.,* 497 F.3d 1079, 1091 (10th

---

[2] As Defendants assert in their Motion for Summary Judgment, there is a dispute as to when the complaint was first made. (*See* ECF No. 55 at 11, n. 2.) The court agrees with Defendants that this dispute is not material, as if even the earlier date offered by Plaintiff is assumed true, it does not change the outcome of the court's analysis.

Cir.2007)). Lieutenant Morse, who initiated the investigation against Plaintiff's husband and ultimately expanded it to include Plaintiff, did not know that Plaintiff had made a sexual harassment complaint against Richard Church. (*See* ECF No. 55-19 at ¶¶ 6–12.) Thus, Plaintiff cannot, as a matter of law, show that Lieutenant Morse had a "retaliatory motive" for expanding her investigation to include Plaintiff. Because Plaintiff cannot establish the third element of her claim for Title VII retaliation, Magistrate Judge Furse's recommendation to dismiss Plaintiff's claim for retaliation concerning the IA Complaint is **HEREBY AFFIRMED** and **ADOPTED**.[3]

For the reasons stated herein, the court **AFFIRMS** and **ADOPTS** Magistrate Judge Furse's recommendation that Defendants' Motion for Summary Judgment be granted. As such, Defendants' Motion for Summary Judgment (ECF No. 55) is **HEREBY GRANTED**, and Plaintiff's Complaint (ECF No. 2) is **HEREBY DISMISSED WITH PREJUDICE**.

DATED this 14th day of August, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[3] The court notes that Magistrate Judge Furse is correct in determining that because Title VII does not permit claims against defendants acting in their individual capacity claims, Plaintiff's claim against Richard Church must be dismissed. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). However, because the court finds that Plaintiff's claims fail in their entirety against all named Defendants, it need not analyze, or rely on, this determination in granting Defendants relief.

Cir.2007)). Lieutenant Morse, who initiated the investigation against Plaintiff's husband and ultimately expanded it to include Plaintiff, did not know that Plaintiff had made a sexual harassment complaint against Richard Church. (*See* ECF No. 55-19 at ¶¶ 6–12.) Thus, Plaintiff cannot, as a matter of law, show that Lieutenant Morse had a "retaliatory motive" for expanding her investigation to include Plaintiff. Because Plaintiff cannot establish the third element of her claim for Title VII retaliation, Magistrate Judge Furse's recommendation to dismiss Plaintiff's claim for retaliation concerning the IA Complaint is **HEREBY AFFIRMED** and **ADOPTED**.[3]

For the reasons stated herein, the court **AFFIRMS** and **ADOPTS** Magistrate Judge Furse's recommendation that Defendants' Motion for Summary Judgment be granted. As such, Defendants' Motion for Summary Judgment (ECF No. 55) is **HEREBY GRANTED**, and Plaintiff's Complaint (ECF No. 2) is **HEREBY DISMISSED WITH PREJUDICE**.

DATED this 14th day of August, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[3] The court notes that Magistrate Judge Furse is correct in determining that because Title VII does not permit claims against defendants acting in their individual capacity claims, Plaintiff's claim against Richard Church must be dismissed. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). However, because the court finds that Plaintiff's claims fail in their entirety against all named Defendants, it need not analyze, or rely on, this determination in granting Defendants relief.